UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-136-RJC

| ROBERT M. PHILLIPSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| LARRY BRYSON, Haywood County Jail Administrator; JIM SCHICK, Haywood County Jail Administrator/ Detective, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's complaint filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

According to Plaintiff's complaint, he is a pretrial detainee awaiting disposition of criminal charges and currently confined in the Haywood County Detention Center. Plaintiff alleges that he and other pretrial detainees were placed on 23-hour a day lockdown following the escape of an inmate in April 2012. Plaintiff maintains that he has been on this lockdown schedule since the escape. Plaintiff states that he has filed grievances that go unanswered by prison officials. However, Plaintiff does state that prison officials have explained his continued 23-hour a day confinement is based on his pretrial bond and based on his pending criminal charges.[1] In October 2012, Plaintiff filed a motion for habeas corpus in state superior court but

---

[1] According to the website of the North Carolina Administrative Office of the Courts, a

1

he has yet to receive a hearing.

In his claim for relief, Plaintiff pleads for $100,000 a day in compensatory damages since April 10, 2012 for defendants' constitutional violations and abuse of his "human rights" and for the mental anguish caused by his current lockdown. (Doc. No. 1 at 4).[2]

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). During this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

---

defendant bearing Plaintiff's name is incarcerated in Haywood County, and appears to be facing seven (7) counts of felony sex offense with a child, in violation of N.C. Gen. Stat. § 14-27.4A(A), and three (3) counts of felony indecent liberties with a child, in violation of G.S. § 14-202.1. The next court date on these charges is August 5, 2013.

[2] Plaintiff also seeks an inquiry into why he does not receive copies of his grievances. While federal law does require exhaustion of available administrative remedies through an internal grievance process, 42 U.S.C. § 1997e(a), there is no constitutional right to participate in a grievance process. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (citing Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991)).

## III. DISCUSSION

Plaintiff contends that his federal constitutional rights are being violated because of the 23-hour lockdown, specifically, his rights under the Eighth and Fourteenth Amendments. (Doc. No. 1 at 4). The Court disagrees. Because Plaintiff is a pretrial detainee courts have generally applied the due process clause of the fourteenth amendment rather than the Eighth amendment's prohibition against cruel and unusual punishment. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979) ("Due process requires that a pretrial detainee not be punished. A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment) (citing Ingraham v. Wright, 430 U.S. 651, 671-72 n. 40 (1977)).

Plaintiff's allegations make plain that he was not the lone inmate placed on 23-hour lockdown following the jail break in April 2012. Prison officials' response to the escape does not appear unreasonable as the prison officials have a responsibility to maintain the safety of the inmates and the community at large. See Bell, 441 U.S. at 540 (the Court finding that because of the "legitimate interests that stem from [their] need to manage the facility in which the individual is detained," prison officials may impose "administrative measures that go beyond those that are, strictly speaking, necessary to ensure that the detainee shows up for trial. For example, the Government must be able to take steps to maintain security and order at the institution. . .").

In order "[t]o establish that a particular condition or restriction of his confinement is constitutionally impermissible 'punishment,' the pretrial detainee must show either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objection, in which intent to punish may be inferred." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) (internal citation omitted). Plaintiff has failed to make

such a showing of punishment in the present case. Plaintiff's allegations demonstrate that he is free to leave his cell for one hour a day and there is no indication that he has been singled out as Plaintiff alleges that other pretrial detainees are experiencing the same lockdown condition.

Further, there is no constitutional right to walk around freely in prison, and extended periods of lockdown similar to Plaintiff's current situation have been expressly found not to violate the Constitution. See, e.g., Caldwell v. Cabarrus County Jail, No. 1:12-cv-586, 2012 WL 2366451, at *2 (M.D.N.C. 2012) (rejecting constitutional challenge to 20-hour a day lockdown) (citing Smith v. Fairman, 690 F.2d 122, 123-26 (7th Cir. 1982)). Put simply, "the Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The constitutional inquiry for this § 1983 action is not whether the "detention interferes with the detainee's understandable desire to live as comfortably as possible," rather, as noted, the question turns on punishment. Bell, 441 U.S. at 537.

Based on the foregoing, the Court finds that Plaintiff's allegations fail to present an actionable claim of a constitutional violation and his complaint will therefore be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge